**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------x
RINA OH n/k/a RINA OH AMEN,

                Plaintiff,                Case No.: 1:21-cv-08839-NRB

      v.                          **ANSWER AND**
                                   **COUNTERCLAIMS**

VIRGINIA L. GIUFFRE,

                Defendant

-----------------------------------------------x

Defendant VIRGINIA L. GIUFFRE (hereinafter "Defendant" or "Ms. Giuffre") answers Plaintiff RINA OH n/k/a RINA OH AMEN's, (hereinafter "Plaintiff" or "Ms. Oh") Amended Complaint and further counterclaims, by and through her attorney, Thomas Counselors at Law, LLC,  as follows:

<u>**INTRODUCTION**</u>

1.     Ms. Giuffre did not defame Ms. Oh. To the contrary, Ms. Giuffre's statements at issue in Ms. Oh's underlying defamation action are true statements and protected opinions. In particular, Ms. Oh was never a victim of Jeffrey Epstein's sex trafficking organization. To the contrary, Ms. Oh, who has admitted meeting Jeffrey Epstein when she was twenty-one years old, has publicly described herself as Jeffrey Epstein's "girlfriend."  She has called Epstein her older rich boyfriend.

2.     Further, the opinions formed and stated by Ms. Giuffre as outlined in Ms. Oh's Amended Complaint ¶¶ 16 – 17, were in response to the misstatements publicly made by Ms. Oh, a public figure at the time that the comments were made, that Ms. Oh was never an abuser and never sexually or physically assaulted Ms. Giuffre.  That is false.

3.      Ms. Giuffre was the victim of the sadomasochist sexual and physical abuse perpetrated against her by Ms. Oh, including cutting, slashing and other physical injuries during the sadomasochist sessions that have left Ms. Giuffre with permanent emotional and physical scars.

4.      Ms. Oh has admitted publicly that she brought three women to Jeffrey Epstein's New York mansion for his sexual purposes.

5.      Ms. Oh has admitted publicly that, as directed by Epstein, she took Ms. Giuffre (who was seventeen at the time) shopping on St. Mark's Place for a "sexy" schoolgirl outfit after Epstein called her (Ms. Oh) and said, "You would know where to go. Take her there."

6.      While she was Epstein's girlfriend, Ms. Oh physically and sexually abused Ms. Giuffre for Epstein's pleasure.

7.      While Ms. Oh previously described herself as Epstein's "girlfriend," when an opportunity to profit presented itself, she changed her description from being Epstein's "girlfriend" to being his "victim." By such fraudulent misrepresentations, Ms. Oh was able to obtain money from the Epstein victim compensation fund.

8.      Later, when Ms. Oh saw an opportunity to try and extract money from Ms. Giuffre, Ms. Oh sued Ms. Giuffre for defamation for $10 million.

9.      New York has given Ms. Giuffre a substantive right to recover damages and attorneys' fees against Ms. Oh, because Ms. Oh's lawsuit against Ms. Giuffre is an attempt burden Ms. Giuffre's exercise of her constitutional rights to free speech.

10.     Ms. Giuffre now files her Answer and Counterclaim in order to protect her constitutional rights to free speech, and to further protect against Ms. Oh's false claims and

improper abuse of this country's judicial system.

## ANSWER AND INCORPORATED COUNTERCLAIM

### PARTIES[1]

1.      Ms. Giuffre is without knowledge or information sufficient to form a belief as to Plaintiff's residency alleged in paragraph 1.

2.      Ms. Giuffre admits that she is a citizen of Colorado (residing in Australia), as alleged in paragraph 2.

### JURISDICTION AND VENUE

3.      Paragraph 3 contains legal conclusions for which no response is required.  To the extent the Court determines a response is required, Ms. Giuffre denies that the amount in controversy exceeds $75,000.  Ms. Giuffre denies knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 3.

4.      Ms. Giuffre admits the Court has personal jurisdiction over her but denies that she has committed any tortious actions in this District.

5.      Ms. Giuffre denies that venue is proper in this District because: (1) no wrongful events occurred in this District and no substantial part of the underlying events occurred in this District; (2) Plaintiff did not suffer effects from Ms. Giuffre's statements in this District; and (3) any use of by Ms. Giuffre of this Court is irrelevant to a venue determination.

### FACTUAL ALLEGATIONS

6.      Ms. Giuffre denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6.

7.      Ms. Giuffre denies the allegations contained in Paragraph 7.

---

[1] Ms. Giuffre's Answer tracks the headings and paragraph numbers contained in Ms. Oh's First Amended Complaint to facilitate cross-reference between the two documents.

8.      Ms. Giuffre denies the allegations contained in Paragraph 8.

9.      Ms. Giuffre denies the allegations contained in Paragraph 9.

10.     Ms. Giuffre admits that, as alleged in paragraph 10, in approximately 2000 and 2001 she saw Plaintiff in New York, but Ms. Giuffre denies seeing Plaintiff at any time outside of the State of New York, and denies the conclusion that the New York meetings constituted only "a few occasions."

11.     Ms. Giuffre denies the allegations contained in paragraph 11.

12.     Ms. Giuffre admits that she last saw Plaintiff in about 2001, as alleged in paragraph 12. Ms. Giuffre does not understand what the remainder of paragraph 12 means, since it alleges that Ms. Giuffre "has never accused Plaintiff of any bad or criminal acts from that time [i.e., from 2001]," and yet the Complaint appears to rest on allegations that Ms. Giuffre has made statements about Plaintiff that involve bad acts.

13.     Ms. Giuffre denies the allegations in paragraph 13.

14.     Ms. Giuffre admits that she as used a Twitter account under the name "Virginia Giuffre" at URL https://twitter.com/VRSVirginia.

15.     Ms. Giuffre admits that during the times mentioned in paragraph 15 she distributed various Tweets.

16.     Ms. Giuffre denies the allegations in paragraph 16 that she published Tweets that contained statements of fact that she knew or should have known to be false. In addition, Ms. Giuffre denies that the statements described in paragraphs 16(a), 16(b), 16(c), 16(d), 16(e), 16(f), and 16(g) contained statements of fact that she knew or should have known to be false. In addition, Ms. Giuffre denies that any of the aforementioned allegations were false statements, and to the extent that any of these statements are found to be false statements of fact, Ms. Giuffre denies that

4

she knew or should have known that they were false.

17.     Ms. Giuffre denies the allegations in paragraph 17 that she tweeted and retweeted falsehoods.

18.     Ms. Giuffre denies the allegations in paragraph 18 that any statements of hers were false. Ms. Giuffre denies that she acted maliciously in making any statements. Ms. Giuffre denies that she knew or should have known any of the statements were false.

19.     Ms. Giuffre denies sufficient knowledge to form a belief as to whether Plaintiff ever was, or is, formally criminally charged with a crime for being a co-conspirator in the Jeffrey Epstein sex trafficking organization, but denies the remaining allegations contained in paragraph 19.

20.     Ms. Giuffre denies the allegations in paragraph 20.

21.     Ms. Giuffre denies the allegations in paragraph 21. Specifically, Ms. Giuffre denies that she has acted with any malice and that she has reiterated and republished any defamations and slanders.

22.     Ms. Giuffre denies the allegations in paragraph 22.

23.     Ms. Giuffre denies the allegations in paragraph 23.

## COUNT 1:  DEFAMATION

24.     In response to Plaintiff's restatement of her allegations in paragraph 24, Ms. Giuffre restates all of the foregoing answers contained in paragraphs 1-23 above.

25.     With respect to the defamation cause of action alleged in paragraph 25, Ms. Giuffre denies the allegation in its entirety. In addition, Ms. Giuffre denies that she has made any statements of fact that were false or that she should have known were false about Plaintiff. In addition, to the extent paragraph 25 states conclusions or characterizations of the law about what

is "defamatory," while no response is required, Ms. Giuffre denies that any of these statements about Plaintiff were defamatory. In addition, Ms. Giuffre denies that she acted with any malice.

26.     Ms. Giuffre denies the allegations contained in paragraph 26 that she has created, written, spoken, published, and broadcast defamatory statements about Plaintiff.

27.     Ms. Giuffre denies the allegations contained in paragraph 27 that news organizations republished any false and defamatory statements from her about Plaintiff, as she has never made any false and defamatory statements about Plaintiff.

28.     Ms. Giuffre denies the allegations contained in paragraph 28.

29.     To the extent paragraph 29 states conclusions or characterizations of the law, no response is required. Ms. Giuffre otherwise denies the allegations contained in paragraph 29.

30.     Ms. Giuffre denies the allegations contained in paragraph 30.

31.     To the extent paragraph 31 states conclusions or characterizations of the law, no response is required. Ms. Giuffre otherwise denies the legal conclusions contained in paragraph 31.

32.     To the extent paragraph 32 states conclusions or characterizations of the law, no response is required. Ms. Giuffre otherwise denies the legal conclusions contained in paragraph 32.

33.     To the extent paragraph 33 states conclusions or characterizations of the law, no response is required. Ms. Giuffre otherwise denies the legal conclusions contained in paragraph 33.

## **AFFIRMATIVE DEFENSES**

34.     Plaintiff's Complaint fails to state a claim upon which relief could be granted.

35.     Plaintiff's claims may be barred by the statute of limitations.

36.     Plaintiff's claims are barred because she has filed her action in an improper venue.

37.     Plaintiff's claims involve Ms. Giuffre's communications in a public forum in connection with issues of public interest and other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest.

38.     Plaintiff's claims are barred by the "single publication" rule.

39.     Plaintiff's claims are barred because the statements made by Ms. Giuffre were non-actionable opinions.

40.     Plaintiff's claims are barred because the statements made by Ms. Giuffre or her agents (if any) were constitutionally protected opinions under the First Amendment and Article I, Section 8 of the New York State Constitution.

41.     Plaintiff's claims are barred because the statements made by Ms. Giuffre or her agent (if any) were non-defamatory statements of fact.

42.     Plaintiff's claims are barred because the statements made by Ms. Giuffre or her agent (if any) were protected by the self-defense privilege, including self-defense against statements made by Plaintiff's agents, including Plaintiff's husband.

43.     Plaintiff's claims are barred because the statements made by Ms. Giuffre or her agent (if any) were protected by qualified or conditional privileges.

44.     Plaintiff's claims are barred because she is a public figure and unable to prove that Ms. Giuffre acted with "actual malice."

45.     Plaintiff's claims are barred because the statements made by Ms. Giuffre or her agent (if any) were substantially true.

46.     Plaintiff's claims are barred because the statements made by Ms. Giuffre or her agent (if any) constituted "fair comment."

47.     Plaintiff's claims are barred because, at all times relevant herein, Plaintiff has failed to act in good faith with respect to Ms. Giuffre.

48.     Plaintiff's claims are barred by the incremental harm doctrine.

49.     Plaintiff's claims are barred because the statements made by Ms. Giuffre or her agent (if any) cannot realistically have caused impairment to Plaintiff's reputation.

50.     This Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims because they do not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

51.     Plaintiff's alleged damages, if any, are speculative, hypothetical, unsupported by any reasonable methodology, and are not cognizable as a matter of law.

52.     Plaintiff's claims are barred because the statements made by Ms. Giuffre or her agent (if any) did not cause or contribute to any damages suffered by Plaintiff.

53.     To the extent that Plaintiff suffered any injury, because Plaintiff has previously described herself as Jeffrey Epstein's "girlfriend," any statements made by Ms. Giuffre cannot have caused additional injury to Plaintiff.

54.     To the extent Plaintiff suffered an injury, she failed to take reasonable, necessary, appropriate and feasible steps to mitigate her alleged damages, and to the extent of such failure to mitigate, she should be barred from recovering some or all of the alleged damages she seeks.

55.     Plaintiff's damages, if any, are the proximate result of intervening causes, pre-existing medical and mental conditions of Plaintiff, and/or causes that occurred without knowledge or participation of Ms. Giuffre and for which Ms. Giuffre is not responsible.

56.     Plaintiff's damages, if any, were the result of her own conduct or the conduct of others and were not proximately caused by any action of Ms. Giuffre.

57.     Plaintiff's claims are barred, in whole or in part, by the affirmative defenses of waiver, ratification, estoppel, laches, and/or unclean hands.

58.     As described in greater detail below, Plaintiff's claims are also barred by N.Y. Civ. R. § 76-a(1)(a), New York's anti-SLAPP law (i.e., New York's law barring "Strategic Lawsuits Against Public Participation").  Ms. Giuffre's statements were communications in a public forum in connection with an issue of public interest and were part of an exercise of her constitutional rights.

59.     Under New York's anti-SLAPP law, Plaintiff cannot establish her claims by "clear and convincing evidence."

60.     Ms. Giuffre reserves the right to raise any and all other affirmative defenses she deems proper based on the discovery process or any future development of the case.

## JURY DEMAND

61.     Ms. Giuffre demands a jury trial as to the claims against her.

WHEREFORE, on Plaintiff's complaint, Defendant Virginia Giuffre demands judgment as follows:

A.     That Plaintiff Rina Oh take nothing by way of her Complaint;

B.     That the Complaint be dismissed *with prejudice*;

C.     That Judgment be entered in favor of Defendant Virginia Giuffre and against Plaintiff Rina Oh;

D.     That Defendant Ms. Virginia Giuffre be awarded her costs and fees in this action, including reasonable attorneys' fees and pre- and post-judgment interest; and

E.     All other such relief as this Court deems just and proper.

9

## COUNTERCLAIM

### Introduction

1.      This is an action for damages arising out of Ms. Oh's re-victimization and re-traumatization by subjecting Ms. Giuffre to a baseless, retaliatory, and emotionally draining lawsuit because Ms. Giuffre spoke her truth about her perpetrator, Ms. Rina Oh (counterclaim defendant) that sexually and physically abused her and other victims of Jeffrey Epstein.

2.      Counterclaim Plaintiff Virginia Giuffre ("Ms. Giuffre") has a substantive right to maintain a claim and counterclaim to recover damages against Counterclaim Defendant Rina Oh ("Ms. Oh") under New York's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, N.Y. Civ. Rights § 70-a.

### PARTIES

3.      Ms. Giuffre is an individual who was and is a citizen of the State of Colorado residing in Australia.

4.      Ms. Oh is an individual who was and is a citizen of the State of New Jersey.

5.      Ms. Oh is defined as a public figure under federal constitutional law.

### JURISDICTION AND VENUE

6.      This is an action, claim, and counterclaim for damages in an amount in excess of the minimum jurisdictional limits of this Court.

7.      Insofar as this Court has subject matter jurisdiction over Ms. Oh's complaint, it has supplemental jurisdiction over Ms. Giuffre's counterclaim pursuant to 28 U.S.C. § 1367.

8.      This Court has jurisdiction over Ms. Oh because she has voluntarily submitted to jurisdiction in this District by filing her complaint here and because she has tortiously and maliciously caused injury to Ms. Giuffre in this District.

9.      Venue is proper in this district, pursuant to 28 U.S.C. § 139l(b), and this Court has personal jurisdiction over Plaintiff - Counterclaim Defendant Ms. Oh, who asserted her own claims in this district and has voluntarily submitted to its jurisdiction. *See, e.g., Grupke v. Linda Lori Sportswear, Inc*., 174 F.R.D. 15, 18 (E.D.N.Y. 1997) (holding plaintiff, "by virtue of bringing suit, waives venue and personal jurisdiction objections to a defendant's counterclaims.").

## FACTUAL ALLEGATIONS

10.      During around 2000-2002, beginning when Ms. Giuffre was 16, Ms. Giuffre was the victim of sex trafficking and abuse by convicted sex offender Jeffrey Epstein.

11.      Epstein's trafficking scheme involved recruiting young girls, often by claiming they would be paid $200 for simply providing a massage to a wealthy billionaire. The young girls would then be brought up to Epstein's bedroom where Epstein would be on a massage table; Epstein would then sexually abuse the girl. This same pattern was repeated numerous times with numerous children.

12.      "From between 1999 – 2007, Jeffrey Epstein sexually abused more than 30 minor girls … in his mansion in Palm Beach Florida, and elsewhere in the United States and overseas…. In addition to his own sexual abuse of the victims, Epstein directed other persons to abuse the girls sexually. Epstein used paid employees to find and bring minor girls to him. Epstein worked in concert with others to obtain minors not only for his sexual gratification, but also for the sexual gratification of others." United States District Court Judge Marra,  Summary Judgment Order at 2, Case No.: 9:08-cv-80786 (S.D. Fla. Feb. 21, 2019) (internal citations omitted).

13.      Like other minor children who came before and after her, Ms. Giuffre was initially recruited to provide massages, and thereafter to engage in a variety of sexual acts, for Epstein. Ms. Giuffre was required to be on call for Epstein for sexual purposes and frequently traveled with him

both nationally and internationally. Ms. Giuffre was regularly abused by Epstein and was lent out by Epstein to others for sexual purposes.

14.     During the years that Ms. Giuffre was the victim of sex trafficking and abuse, she was cut and slashed by Plaintiff in this underlying Action, Ms. Oh. The cutting, slashing and other injuries inflicted on Ms. Giuffre was part of the sadomasochist sexual and physical abuse perpetrated against her by Ms. Oh for Epstein's pleasure.

15.     Ms. Giuffre still has permanent emotional and physical scaring, including a physical scar on her leg, as a result of the abuse perpetrated against her by Ms. Oh.

16.     On October 28, 2020, the podcast *The Recruiters, Broken: Seeking Justice* was released as part of an ongoing series of episodes related to survivors of Jeffrey Epstein's criminal sexual misconduct.

17.     The podcast episode synopsis reads as follows: "Epstein relied on a network of women to bring him new victims. Nearly 20 years later, one survivor tracked down her own recruiter."     Tara     Palmeri.     *Broken:     Seeking     Justice*     (2020), https://podcasts.apple.com/us/podcast/the-recruiters/id1478460758?i=1000496307220)

18.     The "recruiter" referred to in the above-mentioned synopsis is Ms. Oh. *See. id.*

19.     During the podcast interview, Ms. Oh discusses her artwork that depicts the infamous and highly circulated photograph of Ms. Giuffre (original version is of Ms. Giuffre next to Prince Andrew, Duke of York), but with a slashed and bleeding leg.



(image retrieved from Ms. Rina Oh's Instagram account)

20.     In Ms. Oh's interview for the subject episode, Ms. Oh does not discuss Ms. Giuffre's bleeding leg, but instead says that Prince Andrew "may not be wrong when he said that the picture was doctored." Ms. Oh goes on to claim that in the original photograph the "lighting doesn't look right" and makes further comments suggesting that the photograph was manipulated, and she believes that it is a "composite image." *See Broken: Seeking Justice, supra.*

21.     Ms. Oh also claimed that "she and Epstein were in a relationship" and that he was an "older rich boyfriend" *See. Id.*

22.     When Ms. Giuffre's age was brought up by the interviewer, Ms. Oh responded, "Seventeen is not a child." *Id*

23.     Upon hearing Ms. Oh's statements made during the podcast interview, Ms. Giuffre was extremely upset, retraumatized, and suffered further mental and emotional distress.

24.     Ms. Giuffre suffered serious psychological, sexual, and physical abuse at the hands of Ms. Oh.  To hear Ms. Oh claim that she was a victim and that she was "not an abusive person" caused Ms. Giuffre harm and exacerbated Ms. Giuffre's emotional injuries.

13

25.     Ms. Giuffre responded with her protected opinions and truth as set forth in Ms. Oh's Amended Complaint ¶¶ 16 - 17.

26.     Ms. Giuffre's comments were and are protected opinions, the truth, and nonactionable free speech.

## COUNT ONE – NEW YORK STATE ANTI-SLAPP CLAIM

27.     Ms. Giuffre realleges and incorporates by reference herein each of the prior paragraphs.

28.     Ms. Oh's underlying Action is a "strategic lawsuit against public participation" or "SLAPP action" as defined by N.Y. Civ. R. § 76-a(1)(a).

29.     New York defines a "SLAPP action" as a claim based upon "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition." N.Y. Civ. R. § 76-a(1)(a).

30.     Pursuant to New York Civil Rights Law §§ 70 and 76, Ms. Giuffre's brings her substantive cause of action for damages against Ms. Oh for Ms. Oh's SLAPP action unlawfully brought against Ms. Giuffre.

31.     In responding to the false statements that Ms. Oh made during the above-mentioned interview for "The Recruiters" podcast, Ms. Giuffre was communicating in a public forum in connection with an issue of public interest and engaging in lawful conduct in furtherance of her exercise of the constitutional right of free speech in connection with an issue of public interest.

32.     Ms. Giuffre's exercise of her rights is exactly the class of rights intended to be protected by the New York anti-SLAPP laws. *See* New York State Senator Brad Hoylman. Press

Release. ("With the signing of this bill, New York will have one of the strongest anti-SLAPP suit laws in the nation, protecting New Yorkers' free speech from vindictive bullies.").[2]

33.     Ms. Oh had no substantial basis in fact or law for her lawsuit against Ms. Giuffre.

34.     Ms. Giuffre's speech was constitutionally protected opinion.

35.     Even if Ms. Giuffre's subject comments could somehow be found to be unsubstantiated, Ms. Giuffre's comments would remain protected speech and opinion. *See Coleman v Grand*, 523 F Supp. 3d 244, 263 [EDNY 2021] ("assertions that a person is guilty of 'blackmail,' 'fraud,' 'bribery' and 'corruption' could, in certain contexts, be understood as mere, nonactionable 'rhetorical hyperbole' or 'vigorous epithet[s]'" or "even when uttered or published in a more serious tone" nonactionable if based on disclosed facts and framed as "personal surmise built upon those facts").

36.     Ms. Oh has brought her lawsuit to harass, intimidate, punish, and maliciously inhibit Ms. Giuffre's free speech rights.

37.     Ms. Oh has brought her lawsuit for the sole purpose of harassing, intimidating, punishing, and maliciously inhibiting Ms. Giuffre's free speech rights.

38.     There exists a causal connection between Ms. Oh's conduct and damages suffered by Ms. Giuffre.

39.     As a result of the Ms. Oh's malicious conduct, Ms. Giuffre has suffered and continues to suffer emotional distress and other injuries.

40.     Ms. Giuffre has a substantive right to maintain an action, claim, cross-claim, and counterclaim to recover costs, compensatory damages, punitive damages, and attorneys' fees from Ms. Oh under New York Civ. Rights § 70-a.

---

[2] Press Release. Sen. Brad Hoylman. (November 10, 2020) *available at* https://www.nysenate.gov/newsroom/press-releases/brad-hoylman/free-speech-slapps-back-governor-signs-hoylmanweinstein

41.     New York law recognizes that Ms. Giuffre has a substantive right to bring this action under this section, because "[t]he right to bring an action under this section [i.e., the anti-SLAPP section] can be waived only if it is waived specifically." New York Civ. Rights § 70-a(2). Ms. Giuffre has never waived her right to bring her action against Ms. Oh.

## **JURY DEMAND**

42.     Virginia Giuffre demands a jury trial as to her counterclaim.

WHEREFORE, on her counter-claim, Counterclaim Plaintiff Virginia Giuffre demands judgment as follows:

A.     That judgment be entered in Counterclaim Plaintiff Ms. Giuffre's favor against Counterclaim Defendant Ms. Oh;

B.     That Ms. Giuffre be awarded compensatory damages in an amount to be determined at trial and in excess of this Court's jurisdictional limits.

C.     That Ms. Giuffre be awarded punitive damages in an amount to be determined at trial;

D.     That Defendant Ms. Virginia Giuffre be awarded her costs and fees in this action, including reasonable attorneys' fees and pre- and post-judgment interest; and

E.     All other such relief as this Court deems just and proper.

Dated:   May 7, 2022
         New York, New York

                                        Respectfully submitted,

                                        _____/s/_____
                                        Kathleen R. Thomas, Esq.
                                        THOMAS COUNSELOR AT LAW, LLC
                                        11 Broadway, Suite 615
                                        New York, NY 10004
                                        kat@tlclawllc.com
                                        Ph: 917-508-9698
                                        Fax: 917-591-3335

                                        *Attorney for Virginia Giuffre*

## CERTIFICATE OF SERVICE

I certify that on May 7, 2022 I electronically served this *Answer* via ECF on the following:

Ira Scot Meyerowitz, Esq. (IM 2449)
Meyerowitz Law Firm
295 Madison Avenue, 22nd Floor
New York, NY 10017
Tel: (917) 863-4460
Fax: (212) 542-8883
irameyerowitz@gmail.com

_____/s/_____
Kathleen R. Thomas, Esq.