UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RINA OH n/k/a RINA OH AMEN,                **PLAINTIFF'S ANSWER TO**
                                           **DEFENDANT COUNTERCLAIM**
        Plaintiff,
                                           Case No.: 21 cv 8839
   vs.

VIRGINIA L. GIUFFRE,

        Defendant.
------------------------------------------------------------x

Plaintiff RINA OH n/k/a/ RINA OH AMEN ("Plaintiff"), by her attorneys, the Meyerowitz Law Firm, as and for her Answer to the Counterclaim of defendant VIRGINIA L. GIUFFRE ("Defendant"), alleges as follows:

**PLAINTIFF'S ANSWER TO DEFENDANT'S INTRODUCTION**

1. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

> Defendant defames Plaintiff stating that Plaintiff was not a victim of Jeffrey Epstein ("Epstein") and Ghislaine Maxwell ("Maxwell"), and that she was a co-conspirator in the horrible Epstein sex trafficking enterprise. That is simply not true. After fully investigating Plaintiff and conducting numerous and lengthy interviews of Plaintiff, the FBI and the U.S. Attorney's Office, among other governmental agencies, as well as with Epstein's Estate Trust, have all come to the same conclusion, and named and classified Plaintiff as a victim, and not a recruiter, co-

1

conspirator or anything else. Indeed, Plaintiff was never charged or prosecuted for any illegal acts or for being a co-conspirator of Epstein and Maxwell because Plaintiff was manipulated by and was a victim of Epstein and Maxwell, and not a co-conspirator or recruiter or anything else.

Like many other victims, Epstein and Maxwell played psychological games and manipulated and groomed Plaintiff. In fact, Defendant participated in this attempted grooming of Plaintiff, as well as with other females. Defendant even tried to coax Plaintiff into dating other men by telling her that is what Epstein liked. Plaintiff was never Epstein's "girlfriend". Notably, Defendant was called, and referred to herself as Epstein's "number one" girl. When Plaintiff realized what was happening to her, and that Epstein and Maxwell were trying to sex-traffic her to Epstein's friends, and after Epstein violently sexually assaulted her, Plaintiff was able to break free of their psychological hold and left them and escaped their sexual abuse and attempts to traffic her.

Defendant knew and was aware of the foregoing, which makes Defendant's public and defamatory accusations all the more malicious and hurtful.

2. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

Plaintiff had remained anonymous for approximately 20 years, and never had any intention of speaking publicly about what happened with Epstein and Maxwell. That all changed when Defendant violated Plaintiff's statutory right to privacy and anonymity as a victim of sexual abuse, and publicly outed Plaintiff by name in a memoir Defendant intended to publish and through other public comments. Once Plaintiff was illegally and maliciously outed and named by Defendant, and then defamed by Defendant, Plaintiff had no choice but to come forward to address Defendant's defamatory statements, and to bring this action for defamation. Plaintiff was not a public figure and never wanted to be. Defendant tried to make one by publicly defaming and naming Plaintiff in violation of Plaintiff's right to privacy.

>Defendant employed tactics of intimidation and false allegations to dissuade Plaintiff, a witness in the criminal investigations, from testifying for government agencies and other parties involved, including meeting Refia Banu Kucukkoylu and Johanna Sjoberg, both of whom Defendant spent significant time. In addition, Defendant also befriended the person who recruited Plaintiff, Lisa Phillips.

3. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

>Plaintiff never perpetrated any sadomasochistic acts or sexual abuse upon Defendant. To the contrary, Defendant (who was of legal age at the time) sexually assaulted Plaintiff. Indeed, Plaintiff was surprised when she was called to the massage room to see Epstein, and found Epstein and Defendant waiting for her. Defendant then proceeded to touch Plaintiff without Plaintiff's consent and much to her horror. Plaintiff did not reciprocate or sexually touch Defendant. Plaintiff never engaged in any sadomasochism, nor did she ever cut or slash Defendant. These are lies. It was Plaintiff who was sexually assaulted and abused by Defendant at Epstein's direction. Plaintiff

did not participate in any threesome with Defendant and Epstein. On another occasion, Defendant and other females sexually assaulted Plaintiff while Epstein watched. Plaintiff only saw Defendant a few times at Epstein's estates before Plaintiff left Epstein's orbit. Defendant remained to groom and bring many more girls to Epstein, including minors as an adult.

4. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

Plaintiff did not bring three women to Epstein for sexual purposes. Whereas, on the other hand, Defendant recruited numerous girls, including many minors, for Epstein and Maxwell, whom Defendant groomed for Epstein and to be sexually abused and sex trafficked. Defendant has admitted as much. Indeed, Defendant even went to Thailand with the intent to recruit girls for Epstein to be sex trafficked, one girl being around twelve years of age. When Plaintiff realized what Epstein and Maxwell wanted her to do (recruit girls and sleep with Epstein's friends), Plaintiff left and never returned. On the other hand, Defendant continued recruiting for Epstein remained as much as a year after Plaintiff left.

5. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

> In the presence of Defendant, Maxwell asked Plaintiff to go shopping with Defendant. Maxwell gave Defendant money to buy a "schoolgirl" outfit, and Defendant used that money to buy a dress that Defendant selected. Defendant also wanted to get, and got, a belly button piercing, and convinced Plaintiff to get a piercing too. After shopping Plaintiff went home.

6. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

> Epstein's so called "number one" girl, Defendant, sexually abused Plaintiff for Epstein's pleasure.

7. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

> Defendant continuously accuses Plaintiff of things that Defendant did. Here too, regarding being out for the money, the same accusation herein could be levelled at Defendant, who has received large cash payouts from the Epstein Victim's Compensation Fund, as well as receiving

$15,000,000 by suing and then settling with Prince Andrew of the United Kingdom. She also sued and settled with Maxwell. Plaintiff was not Epstein's "girlfriend" and never sought to profit from her abuse. Indeed, she had remained anonymous for 20 years and would have continued to remain anonymous, if it were not for Defendant who illegally outed Plaintiff as a sexually abuse victim. Defendant did not seek to be compensated. Rather, Plaintiff was contacted by Brad Edwards, an attorney representing and assisting victims and survivors of Epstein, and made a claim for Plaintiff. To be sure, after vetting by the FBI, US Attorney's Office, and the Epstein's Estate Trust, Plaintiff was and has always been categorized as a victim, and not a recruiter or anything else, and lawfully received compensation (far less than Defendant), that she never sought out in the first place. Plaintiff sued no other parties. Defendant collected from no less than three parties and is embroiled in still another suit. Defendant is victim shaming Plaintiff.

8. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

Defendant defamed Plaintiff. This case is not about money. This case is about justice and clearing Plaintiff's name of Defendant's lies. Moreover, Defendant's defamation has caused Plaintiff to lose significant business and to suffer significant damage her name and reputation, as well as to suffer from extreme mental distress, humiliation, shame, embarrassment and trauma. This case is also an effort to stop Defendant from continuing to publicly spew lies about Plaintiff.

9. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

Defendant does not have the right to defame someone. Plaintiff has a legal right to sue for defamation.

10. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Counterclaim, and further alleges as follows:

Plaintiff is not seeking to silence Defendant. Plaintiff is simply seeking to stop the lies that Defendant continues to spread about Plaintiff. Defamation is an age old legal claim that is constitutionally permissible despite free speech and the First Amendment; no one has the right to defame

another person. The First Amendment does not allow Defendant to defame Plaintiff.

Plaintiff's claim for defamation is not barred by N.Y. Civ. R. § 76-a(1)(a), New York's anti-SLAPP law (the "anti-SLAPP law"). Defendant's counterclaim, pursuant to the anti-SLAPP law, is not applicable in this situation where Plaintiff is suing for defamation. None of the elements of the anti-SLAPP law are met in this case, and neither was the anti-SLAPP law ever intended to bar a legitimate claim for defamation. Defendant's counterclaim under the anti-SLAPP law is without merit and, indeed, an effort to silence Plaintiff in the face of Defendant's public lies about Plaintiff. Defendant's counterclaim should therefore be dismissed for failing to state a claim upon which relief may be granted.

## PLAINTIFF'S ANSWER TO THE DEFENDANT'S ANSWER AND INCORPORATED COUNTERCLAIM

1. Plaintiff neither admits nor denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

2. Plaintiff neither admits nor denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

3. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

4. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

5. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

6. Plaintiff neither admits nor denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

7. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

8. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

9. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

10. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

11. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

12. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

13. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

14. Plaintiff admits the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

15. Plaintiff admits the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

16. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

17. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

18. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

19. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

20. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

21. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

22. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

23. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

24. Plaintiff neither admits nor denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

25. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

26. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

27. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

28. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

29. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

30. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

31. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

32. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

33. Plaintiff denies the allegations in this corresponding paragraph of Defendant's Answer / Counterclaim.

## **PLAINTIFF'S AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

1. Defendant fails to state a claim upon which relief can be granted in her counterclaim.

2. Defendant's anti-SLAPP law counterclaim is without merit and does not bar Plaintiff's claim for defamation.

3. Defendant has and had no lawful right or privilege, qualified or conditional, to defame Plaintiff.

4. Defendant's counterclaim is barred by the doctrines of waiver, ratification, estoppel, laches, bad faith and unclean hands.

### PRAYER FOR RELIEF WITH RESPECT TO COUNTERCLAIM

**WHEREFORE**, Plaintiff prays for relief with respect to the Counterclaim of Defendant as follows:

a. That Defendant's counterclaim be dismissed in its entirety and with prejudice;

b. That Plaintiff be awarded its attorneys' fees and costs under statutory and common law; and

c. That Plaintiff be awarded all other and further relief as the Court may deem just and proper.

Date:  New York, New York
       June 6, 2022

MEYEROWITZ LAW FIRM

By: _____
    Ira Scot Meyerowitz (IM 2449)
295 Madison Avenue
22nd Floor
New York, New York 10017
Tel: (917) 863-4460
Fax: (212) 542-8883
irameyerowitz@gmail,com

*Attorneys for Plaintiff Rina Oh Amen*