Kathleen R. Thomas, Esq.
kat@tlclawllc.com
Ph: 917-209-6446
Admission: NY, EDNY,
SDNY, WDNY, NDNY



Thomas Legal Counselors at Law, LLC
One World Trade Center, 85th Fl., Ste. 8500
New York, NY 10007
www.tlclawllc.com
Ph: 917-508-9698 | Fax: 917-591-3335

Ellie Silverman, Esq.
*Of Counsel to TLC*
ellie@tlclawllc.law
Admission: NY, NJ,
EDNY, SDNY

*By ECF*

January 29, 2024

Hon. Naomi Reice Buchwald
United States District Court Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

**RE: RINA OH n/k/a RINA OH AMEN v VIRGINIA L. GIUFFRE, Case No.: 1:21-cv-08839-NRB**

Dear Hon. Buchwald:

Pursuant to Your Honor's Individual Practice Rules, and on behalf of Defendant Virginia Giuffre, we respectfully request a pre-motion conference in anticipation of filing a motion for summary judgment pursuant to the Federal Rules of Civil Procedure 56. As discussed herein, Defendant will move to dismiss Plaintiff's case in its entirety for failure to state a cause of action.

1. **Defendant Giuffre's Social Media Comments are Protected Speech**

Plaintiff Rina Oh n/k/a Rina Oh Amen (hereinafter "Plaintiff Oh") filed the underlying Action against Defendant Virginia Giuffre (hereinafter "Defendant Giuffre") for one cause of action of defamation.

The sole basis of Plaintiff Oh's defamation case is seven social media comments posted by Defendant Giuffre on the social media platform formerly known as Twitter. Defendant Giuffre's Twitter posts are constitutionally protected opinion, and therefore, Plaintiff Oh's defamation claims fail as a matter of law.

This Court need not reach the issue of whether Plaintiff's comments were truth because, "[e]xpressions of an opinion false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions" *Rinaldi v Holt, Rinehart*, 42 NY2d 369 [1977]; *Sassower v N.Y*, 48 AD3d 440 [2d Dept 2008]; *Farrow v O'Connor*, 51 AD3d 626, 627 [2d Dept 2008].

In determining whether the statement is protected opinion or rhetorical hyperbole is a question of law for the court. *Rapaport v Barstool Sports Inc.* [2d Cir, Jan. 9, 2024, 22-2080-cv]; *Levin v McPhee*, 119 F3d 189, 195 [2d Cir 1997]; *Colantonio v Mercy Medical Center*, 73 AD3d 966, 967-68 [2d Dept 2010].

In New York, courts apply the following three-factor test to determine whether the subject statements are privileged pure opinion, as opposed to actionable mixed opinion:

> "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal ... readers or listeners that what is being read or heard is likely to be opinion, not fact" Rapaport v Barstool Sports Inc. [2d Cir, Jan. 9, 2024, 22-2080-cv]Davis v Boeheim, 24 NY3d 262, 270 [2014]; see also Colantonio v Mercy Medical Center, 73 AD3d 966, 967-68 [2d Dept 2010].

Courts give significant weight to the context of the statements. *See* e.g., *Gross v New York Times Co.*, 82 NY2d 146, 156 [1993]; *600 West 115th Street Corp. v Von Gutfeld*, 80 NY2d 130, 142 [1992].

Here, the information, testimony, and discovery exchanged in the Action will support a finding that the context and circumstances of Defendant's tweets deem the statements to be protect opinion or rhetorical hyperbole.

### 2. The Relevant Authority on Defamation Cases involving Social Media Posts Warrant Dismissal of Plaintiff's Action

The Southern District finds that comments on a social media platform must be taken in the context of the "unedited nature of these communications." *Ganske v Mensch*, 480 F Supp 3d 542, 553 [SDNY 2020] ("Like the other Internet fora discussed in the above-cited cases, Twitter's forum is equally — if not more — informal and 'freewheeling.'").

In *Rapaport v Barstool Sports Inc.*, *9 [2d Cir, Jan. 9, 2024, 22-2080-cv], the Second Circuit recently affirmed the Southern District of New York's decision dismissing a defamation case wherein the court found that, "In addition to considering the overall context of the feud, the district court appropriately considered that the statements at issue "were largely laden with epithets, vulgarities, hyperbole, and non-literal language and imagery." *Id.* at *9.

Here, this case is against Defendant Giuffre, who was expressing her opinion about the Plaintiff upon hearing the comments that Plaintiff made in the podcast at issue in this Action. Defendant's comments were not vetted and edited publications that led the reader to believe that Defendant was basing her comments on a source unavailable to the reader.

Plaintiff Oh fails to establish that Defendant Giuffre's Twitter comments are not protected under the First Amendment and New York laws. Defendant Giuffre will show that the social media comments, when taken into the broader context and surrounding circumstances, are protected opinion and/or rhetorical hyperbole, warranting dismissal of this defamation action brought by Plaintiff Oh.

Further, Plaintiff Oh fails to establish that she has suffered compensatory damages as a result of Defendant's social media comments. Plaintiff also fails to establish that punitive damages are warranted against Defendant.

According, we respectfully request that the Court schedule a pre-motion conference to discuss Defendant's anticipated Rule 56 motion.

Respectfully submitted,

_____
Kathleen R. Thomas, Esq.

CC via ECF:
Alexander M. Dudelson, Esq.