LAW OFFICES OF
# ALEXANDER M. DUDELSON

ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100    FAX (718) 624-9552

OF COUNSEL
LOUIS R. ROSENTHAL
YEHUDA FARKAS

FABIAN G. PALOMINO
(1924 - 2014)

February 1, 2024

**VIA ECF**
Honorable Naomi Reice Buchwald
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Rina Oh n/k/a Rina Oh Amen v. Virgina L. Giuffre*
                Case No.: 1-21-cv-08839 (NRB)

Your Honor:

      I am the attorney for the plaintiff in the above referenced matter.  This letter is respectfully submitted pursuant to Your Honor's Individual Practice Rules in response to the defendant's pre-motion letter dated January 29, 2024.

      Amongst many other defamatory statements on Twitter (now known as X), a social media platform, the defendant made the following post in response to a painting that was created by the plaintiff: "This picture that Rina painted with the sliced leg bleeding is exactly what she used to do to me.  I have a 6 inch scar on my left from her cutting me.  I can let a lot of s\*\*t go, but this I will never forget."  Thereafter, the Defendant made the following post on Twitter: "Rina- if you read this I hope you live in shame for the rest of your life. You don't intimidate me any longer & the physical and mental scares (sic) you left me with should be enough to put you're a\*\* in jail, my line in the sand is drawn & your guilty. #LockHerUp." Statements about this alleged assault, which caused the scar, appear in published editorials and stories on the report, and the defendant's memoir.

      To state a claim for defamation, a plaintiff must allege that (1) the defendant published a statement of fact to a third party, (2) the statement was false, (3) the false statement was made with the applicable level of fault, and (4) either the false statement was defamatory *per se* or it caused the plaintiff special harm. <u>Pardovani v. Crown Bldg. Maint. Co.</u>, No. 15 Civ. 9065, 2020 WL 2555280, at \*8 (S.D.N.Y. May 20, 2020). Statements "are potentially defamatory," meaning that they "tend to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." <u>Qureshi v. St. Barnabas Hosp. Ctr.</u>, 430 F. Supp. 2d 279, 287 (S.D.N.Y. 2006). In making the determination whether a statement is actionable, the Court must "look to the over-all context in which the assertions were made and determine on that basis 'whether the reasonable reader would

have believed that the challenged statements were conveying facts about the libel plaintiff.'" See Brian v. Richardson, 87 N.Y.2d 46, 637 N.Y.S.2d 347, 660 N.E.2d 1126, 1131 (1995) *quoting* Immuno AG v. Moor-Jankowski, 77 N.Y.2d 235, 566 N.Y.S.2d 906, 567 N.E.2d 1270, 1281 (1991). "Courts are not to render statements actionable by giving them a strained or artificial construction, nor are they to interpret potentially defamatory statements in their mildest and most inoffensive sense to hold them nonlibelous." Qureshi, supra at 287 (quotation marks and internal citations omitted). With respect to the fourth element, A statement is defamatory *per se* if it (1) charges the plaintiff with a serious crime; (2) tends to injure the plaintiff in her or his trade, business or profession; (3) imputes to the plaintiff a loathsome disease; or (4) imputes unchastity to a woman. Liberman v. Gelstein, 80 N.Y.2d 429, 435, 605 N.E.2d 344, 590 N.Y.S.2d 857 (1992). With respect to such statements, "the law dispenses with the special damages requirement. . . because [they] are considered so inflammatory and offensive that the law presumes the statements to have caused damage." Stern v. Cosby, 645 F. Supp. 2d 258, 289 (S.D.N.Y. 2009).

Defendant's contention that the aforesaid statement is a protected opinion or rhetorical hyperhole is untenable. The Defendant is not expressing an opinion or protected speech. The Defendant has accused the Plaintiff of physical maiming her, which has resulted in a six inch scar on her leg. In New York, a statement that falsely charges a person who with "an indictable offense upon conviction of which punishment may be inflicted" can be considered defamation *per se*. Privitera v. Town of Phelps, 79 A.D.2d 1, 3, 435 N.Y.S.2d 402, 404 (4th Dept.1981). Under New York law, Plaintiff's purported actions, if true, could constitute an indictable offense—a person is guilty of assault (in the third degree) when "with intent to cause physical injury to another person, he causes such injury to such person or to a third person," McKinney's Penal Law § 120.00. To make matters worse, the Defendant's statements were in writing: "What gives the sting to the writing is its permanence of form; the spoken word dissolves, but the written one abides and perpetuates the scandal." 43A N.Y.Jur.2d, Defamation and Privacy § 3 (2022).

Finally, there is unrefuted expert medical opinion in this matter that states the Defendant's account of this assault and maiming is impossible. It is respectfully asserted that Plaintiff is entitled to present her claims to a jury.

Thank you for your consideration.

                                              Respectfully submitted,

                                              *Alexander Dudelson*
                                              Alexander M. Dudelson

cc:
**Via ECF**
Kathleen R. Thomas, Esq.
Jill Roth, Esq.