Kathleen R. Thomas, Esq.
kat@tlclawllc.com
Ph: 917-209-6446
Admission: NY, EDNY,
SDNY, WDNY, NDNY



**Thomas Legal Counselors at Law, LLC**

One World Trade Center, 85th Fl., Ste. 8500
New York, NY 10007
www.tlclawllc.com
Ph: 917-508-9698 | Fax: 917-591-3335

Ellie Silverman, Esq.
*Of Counsel to TLC*
ellie@tlclawllc.law
Admission: NY, NJ,
EDNY,SDNY

*Via ECF*

July 17, 2024

Hon. Naomi Reice Buchwald
United States District Court Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

**RE: RINA OH n/k/a RINA OH AMEN v VIRGINIA L. GIUFFRE, Case No.: 1:21-cv-08839-NRB**

Your Honor:

Counsel for Defendant VIRGINIA L. GIUFFRE, respectfully submits this letter, on consent, requesting a teleconference to discuss the attached subpoena and response from non-party "X Corp.".

By way of background, the Plaintiff Rina Oh filed this Action alleging defamation based on comments made on the, then Twitter, social media platform. However, Plaintiff no longer has access to the Twitter/X accounts at issue. A forensic expert was retained by Defendant to assist Plaintiff with access the subject accounts. (*See* attached Affidavit served with subpoena on X Corp). Unfortunately, he was unable to assist Plaintiff in accessing the account.

On June 10, 2024, Plaintiff served a second subpoena on non-party X Corp. to obtain the data and messages that Plaintiff is no longer able to access. The expert's affidavit was attached, and Plaintiff narrowed and specified the account details needed to obtain the information.

The X Corp. has improperly objected to and refused to provide the subpoenaed information. (*See* attached X Corp response).

Defendant's position is that the full circumstances and comments made by both parties on Twitter/X must be obtained in order for Defendant to meaningfully defend her case on the merits. *See Ganske v Mensch*, 480 F Supp 3d 542, 551 [SDNY 2020] ("a court must consider… the context of the entire communication and of the circumstances in which they were spoken or written."). If she is not able to obtain the Twitter comments from Plaintiff, then she is substantially prejudice from defending against this lawsuit.

As such, and pursuant to Your Honor's Individual Practice Rules, Defendant Virginia Giuffre respectfully requests a pre-motion conference in anticipation of filing a motion to compel on non-party X Corporation to comply with the June 10, 2024, subpoena.

Respectfully,

_____/s/_____
Kathleen R. Thomas, Esq.

CC:
All parties via ECF

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York  ▾

| | |
|---|---|
| Rina Oh n/k/a Rina Oh Amen | ) |
| *Plaintiff* | ) |
| v. | ) |
| Virginia L. Giuffre | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.  21-cv-8839 (NBR)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  X Corp., successor in interest to Twitter Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider

| Place: Alexander M. Dudelson, Esq., 26 Court Street - Suite 2306, Brooklyn, New York 11242 | Date and Time: 07/15/2024 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/10/2024

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Rina Oh n/k/a Rina Oh Amen _____ , who issues or requests this subpoena, are:
Alexander M. Dudelson, Esq., 26 Court Street - Suite 2306, Brooklyn, New York 11242, adesq@aol.com, 718-855-5100

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
RINA OH n/k/a RINA OH AMEN,

              Plaintiff,

                                    Case No.: 21 cv 8839

      v.

VIRGINIA L. GIUFFRE,

              Defendant.
-----------------------------------------------------x

## Rider to Fed. R. Civ. P 45 Subpoena

## ATTACHMENT A

      Plaintiff, RINA OH n/k/a RINA OH AMEN, by and through counsel, pursuant to the Federal Rules of Civil Procedure, request that X and/or Twitter, Inc. comply with this subpoena and produce the documents identified below on or before July 15, 2024 at 10:00 a.m. To the extent possible, and to increase your convenience and avoid any shipping, printing, or other costs, Plaintiff ask that documents be delivered electronically and will provide a secure link upon a request sent to:

a d e s q @ a o l . c o m

## DEFINITIONS

      A.      "And," "or" and "and/or" and any other conjunctions or disjunctions used herein shall be read both conjunctively and disjunctively so as to require the production of all Documents (as hereinafter defined) responsive to all or any part of each particular request.

      B.      "Any," "each," "every," and "all" shall be read to be inclusive and to require the production of each and every Document and/or Communication (hereinafter defined) responsive to the particular request.

or channel(s), permanent or temporary suspension of account(s) or channel(s), removal of content or posting(s), issuing strike(s) or warning(s) against account(s) or speaker(s), suppression of content, de-boosting, de-emphasizing, de-monetizing, deindexing, downlisting, shadow-banning, limiting number(s) of followers or subscribers, affixing advisory label(s) or warning label(s) to content, preventing the amplification of content, requiring additional click(s) to access content, and/or reducing or restricting the distribution of content in any way; and it includes, but is not limited to, the use or adjustment of algorithm(s) to achieve any of the foregoing.

C.    "Communication" means any disclosure, transfer, or exchange of information, expression, or opinion, however made, including oral, graphic, written, or electronic transmittal of information, including any Document that includes or reflects any Communication.

D.    "Content" means any material, including but not limited to messages, videos, photographs, and sound files, posted or sent by users on Social-Media Platform(s)

"Document" means without limitation, any written, recorded, graphic, or other material, however produced or reproduced, whether or not claimed to be privileged against discovery on any grounds, including, but not limited to, material in the forms of reports, statements, records (including any workflow software record), agreements, lists, memoranda, correspondence, sound and/or video recordings (or transcripts of recordings), appointment calendars, appointment invitations and responses, worksheets, emails, computer files, or any other documents or Communications of any kind whatsoever, irrespective of form.  All attachments or enclosures to a document are deemed to be part of such document.

E.      "Including" means including, but not limited to.

F.      "Information" means data, documents, communications, writings, drawings, graphs, charts, photographs, sound recordings, images, records generated by individuals or machines, or the compilation of any of the foregoing stored in any medium, including electronically stored information.

G.      "Relates to" or "relating to" means involving, discussing, identifying, referring to, concerning or in any way touching upon the matter sought.

H.      Social-Media Platform" means any organization that provides a service for public users to disseminate speech, expression, information, or other content (typically content that includes messages, videos, photographs, and/or sound files) to other users or the public. "Social- Media Platform" includes both the organization and any of its officers, agents, employees, contractors, or any other person employed by or acting on behalf of the Social-Media Platform; as well subcontractors or entities used to conduct fact-checking or any other activities relating to Content Modulation. "Social-Media Platforms" include, but are not limited to, YouTube, Facebook (n/k/a Meta), Twitter, NextDoor, LinkedIn, and Instagram, Google, Reddit, Facebook Messenger, WeChat, TikTok, Weibo, Wikipedia, Snapchat, and Pinterest, among others.

## INSTRUCTIONS

1.      If your response to a request is that you do not have possession, custody, or control of a document or communication, please identify who likely has control of the document and its location.

2.      In the event that any information requested is withheld on the basis of a claim of privilege, state the ground(s) of the privilege claimed with sufficient

particularity to evaluate the claim, and, if any documents are claimed to be privileged, set forth the author, all recipients, number of pages, attachments or appendices, present custodian, and a general description (e.g., "letter" or "memorandum") of the document.

3.      Any information not provided on the basis that the disclosure would be burdensome or oppressive should be identified by stating the approximate number of documents to be produced, the approximate number of person-hours to be incurred in the identification, and the estimated cost of responding to the request.  This will make it possible to further narrow any request and potentially identify a reasonable alternative or limitation, and Plaintiffs will meet and confer on that matter.

4.      Each copy or duplicate of a document bearing initials, stamps, comments or notations of any character which are not part of the original text shall be considered a separate document.  Additionally, all drafts (whether typed, handwritten or otherwise) made or prepared in connection with any document shall be considered a separate document.

5.      Documents kept in an electronic or digital format should be produced with all metadata and delivered in their original format or in a manner agreed to by counsel.

6.      Unless otherwise directed, these requests ask for discoverable materials from January 1, 2018 to the present.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1.**  All content, including but not limited to: messages, videos, photographs, and sound files, posted or sent by users, tweets, replies, media, followers, accounts following, direct messages,

account start date and account deletion or suspension date, where applicable, for the following account:

Owner: Rina Oh/Amen

Email address associated with the account: rina.amen144@gmail.com
Account name: *@rinaohartist*

**REQUEST NO. 2.** All content, including but not limited to: messages, videos, photographs, and sound files, posted or sent by users, tweets, replies, media, followers, accounts following, direct messages, account start date and account deletion or suspension date, where applicable, for the following account:

Owner: Rina Oh/Amen

Email address associated with the account: rina.oh@gmail.com
Account name:  @mozieamen

**REQUEST NO. 3.** All content, including but not limited to: messages, videos, photographs, and sound files, posted or sent by users, tweets, replies, media, followers, accounts following, direct messages, account start date and account deletion or suspension date, where applicable, for the following account:

Owner: Rina Oh/Amen

Email address associated with the account: rina.amen144@gmail.com
Account name: *@forkandscissors*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
RINA OH n/k/a RINA OH AMEN,

        Plaintiff,

                                     Case No.: 21 cv 8839

     v.

VIRGINIA L. GIUFFRE,

        Defendant.
-----------------------------------------------------x

1. I, BRIAN WOLFINGER, being duly sworn, deposes and says:

2. I am the Principal and co-founder of Wolfinger Forensics, LLC.

3. I am an expert in Digital Forensics, Electronic Evidence, and Electronic Discovery tools, techniques, and methodologies. *See,* Curriculum Vitae of Brian Wolfinger, attached hereto as **Appendix A.** I have been a testifying expert on the aforementioned topics for over 25 years.

4. I have been retained in the Action by the defendant VIRGINIA L. GIUFFRE to assist with the data collection of Plaintiff RINA OH n/k/a RINA OH AMEN's following Twitter accounts:

        *a) @rinaohamen*
        *b) @mozieamen*
        *c) @forkandscissors*
        *d) @MoonProfessor*
        *e) @twolittlebakers*
        *f) @diningwithoutlaws*

5. On April 29, 2024, Plaintiff, counsel for Plaintiff, and Counsel for Defendant held a virtual Microsoft TEAMS meeting.

6.  At the April 29, 2024 TEAMS meeting, I assisted Plaintiff with attempting to access the above-mentioned accounts as follows:

7.  For each account the Plaintiff, while on video chat with counsel, we stepped through the accounts. The plaintiff stated that she did not know the account @MoonProfessor, and @rinaohamen is actually @rinaohartist. The first account that access was attempted on was @rinaohartist; the display showed the account as suspended and the Plaintiff was unable to download their own data, likely due to the suspension. Next, the account @mozieamen was described as "deactivated" by the plaintiff, and when she searched it in the X/Twitter interface, it did not come up as a valid account. The plaintiff also attemped to access the @mozieamen account via the email address rina.oh@gmail.com without success. Next, the plaintiff states that @forkandscissors is a prior handle for the @rinaohartist account, and she demonstrated that @forkandscissors was not a current valid account on X/Twitter. @moonprofessor was shown to be a vaild account handle, but the plaintiff states they do not know that account and couldn't log in to it. For the handle @twolittlebakers there was a successful login and a data download that was initiated. Finally for the handle @diningwithoutlaws, the plaintiff stated that this handle was changed to @mozieamen.com.

8.  Despite the due diligent efforts described in the above-paragraph No. 7, Plaintiff, the owner of the account was not able to download her own data.

9.  Therefore, it is my professional opinion that at this time the only way for Plaintiff to access the information is for X/Twitter to produce the content and data requested in Plaintiff's subpoena in this Action.

Brian T. Wolfinger

Dated:

Brian T. Wolfinger
_____ being duly sworn, deposes and says, I am the Affirmant, Brian T. Wolfinger. The contents are true to my own knowledge except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

I affirm that the foregoing affidavit is true under penalties of perjury under the laws of New York.

Subscribed and sworn to
before me this ___24___ day

_____
Brian T. Wolfinger

of ___May___ 2024.

*Maya Kessler*

Notarized online using audio-video communication

Maya Kessler
Electronic Notary Public
State of New York
Commission #: 01KE0001588
Commission Expires: 02/15/2027

This electronic notarial act involved a remote online appearance involving the use of communication technology



**mwe.com**

Jon Hawk
Attorney at Law
jhawk@mwe.com
+1 310 788 4181

January 22, 2024

Alexander M. Dudelson (adesq@aol.com)
26 Court Street, Suite 2306
Brooklyn, NY 11242

Re:     *Rina Oh n/k/a Rina Oh Amen v. Virginia L. Giuffre*; No. 21-cv-8839 (NBR) (S.D.N.Y.) –
        Subpoena

Dear Counsel:

We represent X Corp. We are in receipt of the Subpoena to Produce Documents, Information, or Objects
or To Permit Inspection of Premises in a Civil Action (the "Subpoena") you served on behalf of Rina Oh
n/k/a Rina Oh Amen in connection with the above-referenced action. In accordance with the Federal Rules
of Civil Procedure, X Corp. responds to the Subpoena and the document request ("Request") in the
Subpoena as follows:

<u>**General Objections**</u>

1.      The following responses are based on information currently available to X Corp. These responses
        are given without prejudice to X Corp.'s right to produce or rely on subsequently discovered
        information.

2.      X Corp. reserves the right to amend, supplement, or otherwise modify its responses and interpose
        objections not asserted herein. X Corp.'s failure to include any objection to the Request or any
        particular definition is neither intended as, nor shall in any way be deemed, a waiver of X Corp.'s
        right to assert that or any other objection.

3.      X Corp. objects to all definitions, instructions, and Requests that purport to impose obligations on
        X Corp. that are different from, in addition to, or greater than those set forth in the Federal Rules
        of Civil Procedure.

4.      X Corp. objects to each Request to the extent it seeks documents not in X Corp.'s possession,
        custody, or control.

5.      X Corp. objects to the Requests to the extent that they exceed the scope of basic subscriber
        information that X Corp. may permissibly produce under the Electronic Communications Privacy
        Act, 18 U.S.C. §§ 2510 *et seq*., including the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq*.
        ("SCA"), and to the extent they seek the content of a user's electronic communications, such as
        messages, posts, comments, photos, or videos, because such a request is barred by the SCA. The



**2049 Century Park East Suite 3200   Los Angeles CA 90067-3206   Tel +1 310 277 4110   Fax +1 310 277 4730**
*US practice conducted through McDermott Will & Emery LLP.*

January 22, 2024
Page 2

SCA does not permit private parties to compel production of the content of a user's electronic communications from service providers such as X Corp. by service of a subpoena or court order, and there is no exception for civil discovery demands. 18 U.S.C. §§ 2702(a)(1), (2); 2702(b)(1)-(8); *see also Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011) (holding that non-governmental entities may not obtain communications content with a civil discovery demand because it would "invade[] the specific interests that the [SCA] seeks to protect."); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-47 (2006) (holding that the SCA bars civil litigants from obtaining communications content from a service provider). Such requests must be directed to the user or other non-provider entities. Active users can log into their accounts at any time to preserve, collect, produce, and authenticate their account contents. Various tools are available to help users access and download their information. Descriptions of these tools are available in X Corp.'s Help Center (https://help.twitter.com/en/managing- your-account/accessing- your-twitter-data).

6.  X Corp. further objects to the Requests to the extent that they seek information that is more properly obtained by issuing discovery requests directly to a party in this action. Litigants have an obligation to avoid imposing an undue burden on non-parties, and non-party discovery should therefore occur only if the information is not available through discovery from the parties to the litigation themselves. *See* Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iv). Indeed, a party "must first establish that it cannot obtain the information from its party-opponent before subpoenaing those documents from a non-party." *In re CareSource Mgmt. Grp. Co.*, 289 F.R.D. 251, 254 (S.D. Ohio 2013). X Corp. does not have an "obligation to determine which documents have, or have not, been produced to" parties to the litigation. *Id*. Thus, courts have routinely held that parties should not attempt to seek documents from non-parties that are available to, or in possession of, a party to the litigation. *See, e.g.*, *In re Pioneer Corp.*, No. MC 18-0037 UA (SS), 2018 U.S. Dist. LEXIS 78609, at *23 (C.D. Cal. May 9, 2018) ("[t]he Court is reluctant to subject a third party to the burden of searching for and producing documents that appear to be more logically in the possession of a party"); *Nidec Corp. v. Victor Co. Of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("there is simply no reason to burden non-parties when the documents sought are in the possession of the party defendant"); *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014) ("[c]ourts are particularly reluctant to require a non-party to provide discovery that can be produced by a party.").

7.  Because it appears that you purport to know or suspect who controls a targeted account, you may obtain the information you seek by issuing a discovery request directly to that person, who is not subject to the SCA's provisions. Courts have recognized that a request for production directly to the user is the appropriate way to obtain the content of a litigant's electronic communications. *See, e.g.*, *Suzlon*, 671 F.3d at 731 (noting that the inability to obtain documents from a provider does not affect the ability to obtain the documents directly from the user); *O'Grady*, 139 Cal. App. 4th at 1446 (holding that a discovery request for content must be directed to the user). This is consistent with your duty to avoid imposing an undue burden on nonparties such as X Corp., and nonparty discovery can occur only if the information sought is not available through discovery from the parties to the litigation themselves. *See, e.g.*, Fed. R. Civ. P. 45(d)(1); *Suzlon*, 671 F.3d at 731 (noting that the inability to obtain documents from a provider does not affect the ability to



January 22, 2024
Page 3

obtain the documents directly from the user); *Calcor Space Facility, Inc. v. Superior Court*, 53 Cal. App. 4th 216, 225 (1997) (holding that "[a]s between parties to litigation and nonparties, the burden of discovery should be placed on the latter only if the former do not possess the material sought to be discovered.").

8.      X Corp. objects to the Subpoena because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker. *See Smythe v. Does 1-10*, No. 15-mc-80292-LB, 2016 WL 54125 (N.D. Cal. Jan. 5, 2016) (denying the motion to enforce a subpoena against X Corp. where movant failed to overcome user's First Amendment right to anonymous speech). Before a subpoena can issue to a service provider like X Corp. for information regarding the identity of an anonymous internet user, the party seeking the information must first "persuade[] the court that there is a real evidentiary basis for believing that the defendant has engaged in wrongful conduct that has caused real harm to the interests of the plaintiff." *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 983 (N.D. Cal. 2015) (citing *Highfields Cap. Mgmt., L.P. v. Doe*, 385 F. Supp. 2d 969, 975-76 (N.D. Cal. 2005)); *see also Krinsky v. Doe 6*, 159 Cal. App. 4th 1154 (2008) (explaining that a plaintiff seeking to unmask an anonymous speaker must (1) make a reasonable effort to notify the defendant that they are the subject of a subpoena; (2) make a prima facie showing of the elements of defamation; and (3) make clear to the court that the discovery of defendants' identity is necessary to pursue plaintiff's claim).

9.      X Corp. objects to the Requests to the extent any information or document is unduly burdensome to obtain; equally available from the parties to the litigation; obtainable from another source that is less burdensome, expensive, or more convenient; unreasonably cumulative or duplicative; neither relevant to any party's claim or defense nor proportionate to the needs of the case; and/or where the likely burden or expense of producing the information outweighs the likely benefit.[1]

10.     X Corp. objects to this Request to the extent it seeks the content of a user's electronic communications, such as messages, posts, comments, photos, or videos, as such requests must be directed to the user or other non-provider entities. Active users can log into their accounts at any time to preserve, collect, produce, and authenticate their account contents. Various tools are available to help users access and download their information. Descriptions of these tools are available in X's Help Center.

11.     X Corp. objects to the Requests to the extent they seek protected or privileged information, including information protected by the attorney-client privilege, work product doctrine, or other applicable privilege, or confidential, proprietary, or trade secret information. X Corp. does not intend to disclose any protected material. Any disclosure of protected materials is inadvertent and should not be construed as a waiver of any applicable privilege or protection.

---

[1] *See Anderson v. Ghaly*, No. 15-cv-05120-HSG, 2020 U.S. Dist. LEXIS 104232, at *25-26 (N.D. Cal. June 15, 2020) ("Determining whether a subpoena is unduly burdensome requires the court to consider 'such factors as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by it, the particularly with which the documents are described and the burden imposed.'") (citing *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)).



January 22, 2024
Page 4

12.    X Corp. objects to the Subpoena to the extent it calls for information to be produced in a form or manner other than that kept by X Corp. in the usual course of its business.

13.    X Corp. notes that according to its policies it will give notice to an impacted user before producing basic subscriber information.

14.    These general objections shall apply to each response, and the general objections shall be deemed as continuing as to each Request and are not waived, or limited, by X Corp.'s specific objections and responses.

<u>**Specific Responses and Objections**</u>

**Document Request No. 1:**

Account history, tweets, replies, media, followers, accounts following, direct messages, account start date and account deletion or suspension date, where applicable, for any account belonging to "Rina Oh Amen," including but not limited to the following accounts:

      a) @rinaohamen
      b) @mozieamen
      c) @forkandscissors
      d) @MoonProfessor
      e) @twolittlebakers
      f) @diningwithoutlaws

**Response to Document Request No. 1:**

In addition to the foregoing objections, X Corp. objects to the terms "account history," "media," "followers," "accounts following," "direct messages," "account start date," and "account deletion or suspension date," and "any account belonging to," on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to this Request to the extent it seeks information that should be directed to the user or other non-provider entities. Active users can log into their accounts at any time to preserve, collect, produce, and authenticate their account contents. Various tools are available to help users access and download their information. Descriptions of these tools are available in X's Help Center (https://help.twitter.com/en/managing-your-account/accessing-your-twitter-data).

X Corp. further objects to this Request to the extent the materials sought are equally available to the issuing party.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber in- formation that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*., and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq*., including the SCA, 18 U.S.C. §§ 2701 *et seq*.



January 22, 2024
Page 5

X Corp. further objects to this Request because you have provided no documentation demonstrating that the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. further objects to this Request as overbroad and seeking irrelevant materials because X Corp. either does not understand your need for the requested data, or does not believe your request to be appropriately limited to data necessary or relevant for your litigation.

X Corp. objects to the Subpoena to the extent that it seeks deleted content because, to the extent any such data exists, it is not reasonably accessible.  *See United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972, at *3-7 (N.D. Ill. Oct. 21, 2005) (restoration of deleted content constitutes an "undue burden," and nonparties are not subject to the significant burden of restoring such data).

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

**Document Request No. 2:**

Any documentation, reports, emails and/or correspondence by and between Twitter and Rina Oh n/k/a Rina Oh Amen related to efforts to recover access to any of the aforementioned Twitter accounts from the period of 2020 to present.

**Response to Document Request No. 2:**

In addition to the foregoing objections, X Corp. objects to the terms "documentation," "reports," "related to efforts to recover access," and "any of the aforementioned Twitter accounts," on the basis that these terms are vague and ambiguous, overbroad, and unduly burdensome, as the scope of materials sought in the Request is unclear.

X Corp. further objects to this Request to the extent it seeks information that should be directed to the user or other non-provider entities.  Active users can log into their accounts at any time to preserve, collect, produce, and authenticate their account contents.  Various tools are available to help users access and download their information.  Descriptions of these tools are available in X's Help Center (https://help.twitter.com/en/managing-your-account/accessing-your-twitter-data).

X Corp. further objects to this Request to the extent the materials sought are equally available to the issuing party.

X Corp. further objects to the Request to the extent it exceeds the scope of basic subscriber in- formation that X Corp. may permissibly produce under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*, and to the extent it seeks information that is prohibited from disclosure and/or is not subject to production under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et seq.*, including the SCA, 18 U.S.C. §§ 2701 *et seq.*

X Corp. further objects to this Request because you have provided no documentation demonstrating that



January 22, 2024
Page 6

the Court considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker.

X Corp. further objects to this Request as overbroad and seeking irrelevant materials because X Corp. either does not understand your need for the requested data, or does not believe your request to be appropriately limited to data necessary or relevant for your litigation.

X Corp. objects to the Subpoena to the extent that it seeks deleted content because, to the extent any such data exists, it is not reasonably accessible. *See United States v. Amerigroup Ill., Inc.*, No. 02 C 6074, 2005 WL 3111972, at *3-7 (N.D. Ill. Oct. 21, 2005) (restoration of deleted content constitutes an "undue burden," and nonparties are not subject to the significant burden of restoring such data).

Subject to and without waiving these objections, X Corp. responds as follows: X Corp. will not produce documents in response to this Request.

***

Based on at least the foregoing objections, X Corp. will not be producing any data in response to your subpoena.  Please do not hesitate to contact me if you have any questions.  X Corp. otherwise preserves and does not waive any other available objections or rights.

Sincerely,

Jon Hawk

