

Kathleen R. Thomas, Esq.
kat@tlclawllc.com
Ph: 917-209-6446
Admission: NY, EDNY,
SDNY, WDNY, NDNY

Ellie Silverman, Esq.
*Of Counsel to TLC*
ellie@tlclawllc.law
Admission: NY, NJ,
EDNY, SDNY

**Thomas Legal Counselors at Law, LLC**

One World Trade Center, 85th Fl., Ste. 8500
New York, NY 10007
www.tlclawllc.com
Ph: 917-508-9698 | Fax: 917-591-3335

*By ECF*

February 18, 2025

Hon. Naomi Reice Buchwald
United States District Court Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

**RE: RINA OH n/k/a RINA OH AMEN v VIRGINIA L. GIUFFRE, Case No.: 1:21-cv-08839-NRB**

Dear Hon. Buchwald:

We represent Defendant Ms. Virginia Giuffre in the above-mentioned matter. This letter is submitted pursuant to Your Honor's Individual Practices Section 2(E)(1). This letter summarizes Defendant's arguments set forth in her Summary Judgment Motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Defendant will show from the briefing and supporting evidence that Plaintiff's one cause of action for defamation fails as a matter of law. Essentially, this case is about two parties that have both alleged that they are victims of Jeffrey Epstein and that engaged in a Twitter back-and-forth that started after the release of a podcast episode. Defendant's Motion for Summary Judgment shows that: 1) Plaintiff improperly takes omits the full context of Defendant's comments; 2) Given the full context of the comments, Defendant's comments are protected opinions and not actionable assertions of fact; 3) Plaintiff does not meet her burden to prove actual malice; 4) this court lacks subject matter jurisdiction because it is a legal impossibility for Plaintiff to prove damages.

### 1) Defendant's Twitter Comments are Improperly Taken Out of Context

Nine comments posted on Twitter (now X) form the basis of Plaintiff's lawsuit. Plaintiff alleges that the comments posted on Twitter by Defendant caused her alleged damages amounting to $10,000,000 (Pl. Amed. Comp. ¶¶ 16, 17. Dk. No. 12). Conveniently, Plaintiff does not disclose the full context of the communications. The references and context are omitted.

In Defendant's Statement of Material Facts, the full context and any citations and hyperlinks have been added to the documents via screenshots submitted in discovery. Defendant demonstrates that each comment, within the over context, is nonactionable expressions of opinion.

**2) Given the full context of the comments, Defendant's comments are protected opinions and not actionable assertions of fact**

Pursuant to New York and Federal Court authority, this Court must consider the context and surrounding circumstances of the alleged defamatory statements. This is particularly true for social media forums such as the one at issue in this case. Further, hyperbolic language- even criminally accusatory hyperbole- is not actionable. Here, given the full story of the Twitter comments at issue, Defendant's tweets are protected speech and this Action should be dismissed.

**3) Plaintiff does not meet her burden to prove actual malice**

Plaintiff cannot meet her burden of proving that Defendant made knowingly false statements or made with a "high degree of awareness their probable falsity." It is a legal impossibility for Plaintiff to show by clear and convincing evidence that Defendant acted with actual malice.

There is nothing in the record or that was exchanged in discovery that would support a finding that Defendant malicious made false statements about Plaintiff. As such, this issue does not need to reach the factfinder.

**4) This court lacks subject matter jurisdiction because it is a legal impossibility for Plaintiff to prove damages**.

It is clear from the record, that as a legal certainty, Plaintiff cannot recover the jurisdictional amount because she has failed to present any support for her damages claims, and failed to rebut any of defendant's evidence as to damages. Therefore, this court lacks subject matter jurisdiction and this Action must be dismissed
.
As such, Defendant respectfully requests that this Court grants Defendant's Motion for Summary Judgment and Dismiss Plaintiff's Complaint in its Entirety.

Very truly yours,

THOMAS COUNSELORS AT LAW, LLC

By: _____/s/_____
      Kathleen R. Thomas, Esq.
*Attorney for Defendant Virginia Giuffre*
One World Trade Center, 85th Fl.
New York, NY 10007
917-209-6446

STARK & STARK

By: _____/s/_____
      Jillian P. Roth, Esq.

*Attorney for Defendant admitted PHV*
777 Township Line Rd., Ste. 120
Yardley, PA 19067

CC:
Alexander M. Dudelson, Esq.
26 Court St., Ste. 2306
Brooklyn, NY 11242
718-855-5100
adesq@aol.com