# Exhibit "E"

UNIFIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RINA OH A/K/A RINA OH AMEN,				Case No.: 1:21-cv-08839-NRB

                Plaintiff,

     -against-

VIRGINIA L. GIUFFRE,

                Defendant.
-------------------------------------------------------------X

       PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION:

Plaintiff RINA OH A/K/A RINA OH AMEN responds and object to Defendant's Request for Admissions ("Requests") as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Plaintiff has objected or responded to any Request shall not be deemed an admission that Plaintiff accept or admit the existence of any facts set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Plaintiff has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Respondents of any part of any objection to any Request.

The responses and objections are made on the basis of information and writings currently available to and located by Plaintiff upon reasonable investigation. Plaintiff expressly reserves the right to modify, revise, supplement, or amend their responses as they deem appropriate.

GENERAL OBJECTIONS:

1. Plaintiff objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other recognized privilege.

2. Plaintiff object to the Requests to the extent that they require Plaintiff to search for and produce documents or information that are not within their possession, custody, or control.

3. Plaintiff objects to the Requests to the extent they seek information or documents that cannot be located by Plaintiff after reasonably diligent inquiry, are readily available from public sources, or are available to Defendant from another source or by other means that are more convenient, more appropriate, less burdensome, or less expensive.

5. Plaintiff objects to the Requests to the extent they seek legal conclusions and/or would require Plaintiff to reach a legal conclusion in order to prepare a response.

6. Plaintiff objects to the Requests to the extent they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

7. Plaintiff objects to the Definitions to the extent that certain Definitions imply legal conclusions.

RESPONSES:

1. Admit that you are identified as a "recruiter" for Jeffrey Epstein in the podcast *The Recruiters: Broken: Seeking Justice.*

Response 1: Admit.

2. Admit that you created the image depicted below:

-2-



Response 2: Admit.

3. Admit that during an interview for the podcast Broken you stated that you and Jeffrey Epstein "were in a relationship" and he was your "older rich boyfriend."

Response 3: Admit.

4. Admit that during an interview for the podcast Broken, you were asked about possible sex abuse by Jeffrey Epstein of Ms. Giuffre when she was seventeen and you responded "Seventeen is not a child."

Response 4: Admit, but the statement is not complete.

5. Admit that you brought three young women to Jeffrey Epstein's mansion in New York to meet Jeffrey Epstein.

Response 5: Admit.

6. Admit that you brought Marijke Chartouni to Jeffrey Epstein's mansion in New York to meet Jeffrey Epstein.

Response 6: Admit.

7. Admit that you had sexual contact with Jeffrey Epstein.

Response 7: Admit.

8.   Admit that you had sexual contact with Virginia Giuffre.

Response 8: Admit to the extent that Virgina Giuffre voluntarily sexually touched the answering party and that answering party did not touch Virginia Giuffre.

9.   Admit that before you first communicated with attorney Bradley J. Edwards, you had never contacted any law enforcement, investigatory, social services, or prosecuting agency to report sexual abuse or any other crime by Jeffrey Epstein and/or his associates.

Response 9: Admit.

10.   Admit that during the recent criminal trial in United States v. Maxwell, you were never identified as or referred to as a "victim" of Epstein or Maxwell.

Response 10: Deny. The prosecutors in the Maxwell matter identified the plaintiff as a victim of Epstein. The plaintiff was on the prosecutors witness list as a victim for the Maxwell trial. The answering party cannot truthfully admit or deny it what was stated at the Maxwell trial since the answering party was not present at the trial.

11.   Admit that you never made an application for compensation to the Epstein Victims' Compensation Program or, if you made an application, it was denied.

Response 11: Deny that answering party never made an application for compensation to the Epstein Victims' Compensation Program. Admit that the application was denied due to the application being untimely.

12.   Admit that you do not possess any document from the Epstein Estate Trust classifying you as a "victim" of Epstein.

Response 12: Deny.

-4-

13. Admit that you have never received any notification letter from the U.S. Attorney's Office for the Southern District of New York informing you of your rights under Crime Victims Rights Act.

Response 13: Admit.

14. Admit that the podcast "The Recruiters" was broadcast in a public forum in connection with issues of public interest.

Response 14: The answering party cannot truthfully admit or deny the statement since the answering party does not know the definition of "issues of public interest." The request for admission seeks a legal conclusion that does not require an answer.

15. Admit that Ms. Giuffre was a victim of sexual abuse by Jeffrey Epstein.

Response 15: The answering party cannot truthfully admit or deny the statement since the answering party did not witness any sexual acts between Jeffrey Epstein and Virginia Giuffre before Virginia Giuffre attaining the age of eighteen years. The acts that were witnessed appeared to be voluntary.

16. Admit that you were never sexually trafficked by Jeffrey Epstein.

Response 16: The answering party cannot truthfully admit or deny the statement since the answering party does not know the definition of "sexually trafficked." The request for admission seeks a legal conclusion that does not require an answer.

17. Admit that your only personal interactions with Jeffrey Epstein were in his mansion in New York City.

Response 17: Deny.

18. Admit that you knew that Ms. Giuffre was under the age of 18 when you

interacted with her.

Response 18: Admit as to certain interactions.

19. Admit that you took Ms. Giuffre shopping for what has been describes a little school girl outfit.

Response 19: Admit to the extent that Maxwell ordered the answering party and Virigina Giuffre to go shopping.

20. Admit that before and continuing after you filed this action, you made public and defamatory comments on Twitter publications such as the following:

    a.    January 13, 2021 "Virigina Giuffre went to Thailand to rape and murder an Indigenous child.. Good luck and get the best defendant attorney Giuffre."

Response 20a: The answering party cannot truthfully admit or deny the statement, because she does not have access to her Twitter account.

    b.    January 17, 2021 "The real reason Virginia Guiffre and her minions were gaslighting me. These prostitutes are paid by the illuminati to coverup these vile crimes while I've been actively exposing them in my work."

Response 20b: The answering party cannot truthfully admit or deny the statement, because she does not have access to her Twitter account.

Dated: Brooklyn, New York  
September 22, 2022

_____  
ALEXANDER M. DUDELSON, ESQ.  
*Attorney for Plaintiff*  
26 Court Street - Suite 2306  
Brooklyn, New York 11242  
(718) 855-5100

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF KINGS          )

      RINA OH A/K/A RINA OH AMEN, being duly sworn, say and depose to be true and correct, under the penalties of perjury, the following:

      I am the Plaintiff in the above entitled action, and have read the foregoing Response to Request for Admissions and know the contents thereof, and the same is true of my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

_____
RINA OH A/K/A RINA OH AMEN

Sworn to before me this
22nd day of September, 2022

_____
Notary Public

ALEXANDER DUDELSON
Notary Public, State of New York
No. 02DU6107380
Qualified in New York County
Commission Expires 03/29/2024