SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------x

VIRGINIA L. GIUFFRE,

Plaintiff.

v

RINA OH n/k/a RINA OH AMEN,

Defendant.

----------------------------------------------------x

Index No.:

**SUMMONS**

To the above-named Defendant:

**YOU ARE HEREBY SUMMONED** to Answer the attached Complaint in this action and to serve upon Plaintiff's attorneys a copy of your Answer, or, if the Complaint is not served with this Summons to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York.

**PLEASE TAKE NOTICE** in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the Complaint.

Dated: December 30, 2022
New York, New York

Respectfully submitted,

Kathleen R. Thomas, Esq.
THOMAS COUNSELORS AT LAW, LLC
One World Trade Center
85th Fl., Ste. 8500
New York, NY 10007
kat@tlclawllc.com
917-209-6446

The basis of venue is location of where claims arose.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------x

VIRGINIA L. GIUFFRE,

Plaintiff.

v

RINA OH n/k/a RINA OH AMEN,

Defendant.
---------------------------------------------------x

Index No.:

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff VIRGINIA GIUFFRE, by and through her attorneys, the law firm THOMAS COUNSELORS AT LAW, LLC respectfully alleges for her complaint the following:

## I. INTRODUCTION

1. This complaint is brought pursuant to New York Civil Rights Law ("NYCRL") § 70-A to recover damages and attorneys fees for the strategic lawsuit against public participation ("SLAPP") Action brought by Defendant RINA OH in the U.S. District Court of Southern District of New York. *Rina Oh n/k/a Rina Oh Amen v. Virginia L. Giuffre*, Case No.: 1:21-cv-08839-NRB, attached hereto as "Exhibit A".

2. Pursuant to NYCRL § 70-A, Plaintiff Giuffre may commence an action or claim to recover damages, costs, and attorneys fees that resulted from the unlawful and frivolous action SLAPP action brought by Defendant Oh is the Southern District.

## II. PARTIES

3. Plaintiff Virginia L. Giuffre is an individual who is an individual who is a citizen of the State of Colorado residing in Australia.

4. Defendant Rina Oh is an individual who was and is a citizen of the State of New Jersey.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this Action pursuant to CPLR 302 in that Defendant Oh committed tortious acts within the State of New York.

6. Venue is proper because New York is the county in which Defendant Oh committed tortious acts.

7. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## IV. STATEMENT OF FACTS

8. Plaintiff Jane Doe repeats and re-alleges the above allegations.

9. Upon information and belief, the facts and background currently known to the Plaintiff are as follows:

10. Since 2011, Plaintiff Virginia Giuffre has been a public figure after coming forward as a victim of the sexual abuse, rape, assaults, and sex trafficking perpetrated by convicted sex offender Jeffrey Epstein.

11. On October 28, 2020, the podcast *The Recruiters, Broken: Seeking Justice* was released as part of an ongoing series of episodes related to survivors of Jeffrey Epstein's criminal sexual misconduct.

12. The podcast episode synopsis reads as follows: "Epstein relied on a network of women to bring him new victims. Nearly 20 years later, one survivor tracked down her own recruiter." Tara Palmeri. Broken: Seeking Justice (2020), https://podcasts.apple.com/us/podcast/the-recruiters/id1478460758?i=1000496307220

13. The "recruiter" referred to in the above-mentioned synopsis is Defendant Rina Oh. *See. id*.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

14. Ms. Guiffre voluntarily participated in the podcast including agreeing to be interviewed by Tara Palmeri for the Podcast.

15. During Ms. Giuffre's interview by Ms. Palmeri, Ms. Giuffre described her abuse perpetrated against her by Defendant Oh, including cutting, slashing and other injuries inflicted on Ms. Giuffre that was part of the sadomasochist sexual and physical abuse perpetrated against her by Defendant Oh for Epstein's pleasure.

16. Ms. Giuffre showed Ms. Palmeri the scar on her upper thigh that resulted from the sexual assaults and abuse perpetrated against her as a minor by Defendant Oh.

17. Defendant Oh also voluntarily participated in the podcast including agreeing to be interviewed Tara Palmeri for the Podcast.

18. During the podcast interview, Defendant Oh discussed her artwork that depicts the infamous and highly circulated photograph of Ms. Giuffre (original version is of Plaintiff Giuffre next to Prince Andrew, Duke of York), but with a slashed and bleeding leg.

19. In Defendant Oh's interview for the subject episode, Defendant Oh does not discuss Plaintiff Giuffre's bleeding leg, but instead says that Prince Andrew "may not be wrong when he said that the picture was doctored." Defendant Oh goes on to claim that in the original photograph the "lighting doesn't look right" and makes further comments suggesting that the photograph was manipulated, and she believes that it is a "composite image." *See Broken: Seeking Justice, supra.*

20. Defendant Oh also claimed that "she and Epstein were in a relationship" and that Epstein was her "older rich boyfriend" *See. Id.*

21. When the fact that Ms. Giuffre was a child at the time was brought up by the interviewer, Defendant Oh responded, "Seventeen is not a child." *Id*

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

22. Upon hearing Defendant Oh's statements that Oh made during the podcast interview, Ms. Giuffre was distraught, experiencing re-victimization and retraumatized, and suffered further mental and emotional distress.

23. Ms. Giuffre suffered serious psychological, sexual, and physical abuse at the hands of Defendant Oh. To hear Defendant Oh claim that she was a "victim" and that she was "not an abusive person" caused Ms. Giuffre harm and exacerbated Plaintiff Giuffre's emotional injuries.

24. On October 28, 2020, Ms. Giuffre responded to Defendant Oh by expressing her constitutionally protected opinions and pain on the social media site, Twitter.

25. Specifically, Ms. Giuffre tweeted:

> a. "Ladies & Gentlemen meet Rina who now is pleading innocence since there's a $VCF$ she has decided to come out as a victim, when on the record she was #Epstein's GF"& was rewarded with $$ in trade for victims- real victims. May karma be upheld and justice be done."
>
> b. "Rina- if you read this I hope you live in shame for the rest of your life. You don't intimidate me any longer & the physical & mental scares you left me with should be enough to put your a** in jail, my line in the sand is drawn & your guilty!"
>
> c. "Jeffrey Epstein 'recruiter' admits bringing girls but denies abuse" Pathetic excuses from a deranged woman who was NO victim & should be sitting in jail next to #GhislaineMaxwell Rina- woman to woman, now that I am a woman, U disgust me. @DailyMail"

26. On or about October 30, 2020, Defendant Oh posted to her social media account the following:

> a. "Virginia recruited 70 Virgins. Her real name is Jeanna. The Satanists always use the name Virginia for significant missions. Virginia is a high ranking Luciferian witch…
>
> b. … she actually abuse me. I'm not the one who smeared virgins blood on the foundation floor of Bablyon. Virginia is that girl and her name is Jeanna."

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

27. From the Fall of 2020 through January 2021 social media comments were exchanged back-and-forth between the parties.

28. For example, Defendant Oh tweeted the following allegations and comments that Ms. Guiffre recruited and abused her:

> a. On January 13, 2021, Defendant Oh tweeted: "Virginia Guiffre went to Thailand to rape and murder an Indigenous child. She went with instructions to traffic her victim according to her story. The @FBI knows this. We are providing evidence to her agenda. Good luck and get the best defense attorney Guiffre.
>
> b. On January 13, 2021, Defendant Oh tweeted: "Epstein recruited people for the illuminati… The like Virginia Guiffre joined and she's fulfilling her deal…."
>
> c. On January 17, 2021, Defendant Oh tweeted: The real reason Virginia Guiffre and her minions were gaslighting me. These prostitutes are paid by the illuminati to coverup these vile crimes while I've been actively exposing them in my work. Let's stop pretending they're not eating the flesh and consuming the blood #vatican."
>
> d. On January 20, 2021, Defendant Oh tweeted: "… I suspect Virginia Guiffre is a professional abuser at this point in her career. She's made it her career to abuse. Not anymore!!!"

29. Further, in response to the interview portions that were released in *Broken: Seeking Justice* podcast Defendant Oh tweeted: "They cut out everything important and left the portions they wanted for their narrative. I was used by these murderers as a pawn. They invented a story."

30. On January 4, 2022, Defendant Oh filed a lawsuit against Ms. Giuffre for defamation in the U.S. District Court of the Southern District of New York, attached hereto as "Exhibit A".

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

31. Defendant Oh engaged in an ongoing campaign of harassing knowingly false allegations on social media, including stating that Ms. Giuffre, "raped and murdered" indigenous children.

32. Defendant Oh then filed a strategic lawsuit against public participation (SLAPP) action against Plaintiff for her social media comments.

33. Defendant Oh is suing Plaintiff Guiffre for defamation to silence her.

34. Ms. Guiffre's social media comments, as taken in within the context of all of the social media comments from both parties, clearly shows that Defendant's Oh lawsuit is a sham attempt to silence and harasses Ms. Giuffre, while Defendant Oh is afforded the opportunity to continuously defame and disparage Ms. Giuffre.

35. Defendant Oh's civil action was not to remedy a wrong but was brought for the malicious and intentional purpose of harming Ms. Guiffre and to punish her for exercising her constitutional right to free speech and to participate in the public discourse.

36. Ms. Giuffre's comments were and are protected opinions, the truth, and nonactionable free speech.

**COUNT ONE – NEW YORK STATE ANTI-SLAPP CLAIM**

1. Plaintiff Giuffre realleges and incorporates by reference herein each of the prior paragraphs.

2. Defendant Oh's underlying Action is a "strategic lawsuit against public participation" or "SLAPP action" as defined by N.Y. Civ. R. § 76-a(1)(a).

3. New York defines a "SLAPP action" as a claim based upon "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition." N.Y. Civ. R. § 76-a(1)(a).

4. Pursuant to N.Y. Civ. R. § 70-A(1), Plaintiff may commence a separate action against Defendant Oh. [1]

5. Pursuant to New York Civil Rights Law §§ 70 and 76, Plaintiff Giuffre's brings her substantive cause of action for damages against Defendant Oh for Defendant Oh's SLAPP action unlawfully brought against Plaintiff Giuffre.

6. In responding to the false statements that Defendant Oh made during the above-mentioned interview for "The Recruiters" podcast, Ms. Giuffre was communicating in a public social media forum in connection with an issue of public interest and engaging in lawful conduct in furtherance of her exercise of the constitutional right of free speech in connection with an issue of public interest.

7. Ms. Giuffre's exercise of her rights is exactly the class of rights intended to be protected by the New York anti-SLAPP laws. *See* New York State Senator Brad Hoylman. Press Release. ("With the signing of this bill, New York will have one of the strongest anti-SLAPP suit laws in the nation, protecting New Yorkers' free speech from vindictive bullies.").[2]

8. Defendant Oh had no substantial basis in fact or law for her lawsuit against Ms. Giuffre.

9. Ms. Giuffre's speech was constitutionally protected opinion.

---

[1] "A defendant in an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of this article, may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees, from any person who commenced or continued such action…" Civ. Rights Law § 70-A.

[2] Press Release. Sen. Brad Hoylman. (November 10, 2020) *available at* https://www.nysenate.gov/newsroom/press-releases/brad-hoylman/free-speech-slapps-back-governor-signs-hoylmanweinstein

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

10. Even if Ms. Giuffre's subject comments could somehow be found to be unsubstantiated, Plaintiff Giuffre's comments would remain protected speech and opinion. *See Coleman v Grand*, 523 F Supp. 3d 244, 263 [EDNY 2021] ("assertions that a person is guilty of 'blackmail,' 'fraud,' 'bribery' and 'corruption' could, in certain contexts, be understood as mere, nonactionable 'rhetorical hyperbole' or 'vigorous epithet[s]'" or "even when uttered or published in a more serious tone" nonactionable if based on disclosed facts and framed as "personal surmise built upon those facts").

11. New York Courts consistently hold that social media platforms are generally a place of emotive, casual and opinionated speech.

12. Taken in the entire context of the social media comments by both parties, it is clear that Defendant Oh has brought her lawsuit to harass, intimidate, punish, and maliciously inhibit Plaintiff Giuffre's free speech rights.

13. Defendant Oh has brought her lawsuit for the sole purpose of harassing, intimidating, punishing, and maliciously inhibiting Plaintiff Giuffre's free speech rights.

14. There exists a causal connection between Defendant Oh's conduct and damages suffered by Ms. Giuffre.

15. As a result of the Defendant Oh's malicious conduct, Ms, Giuffre has suffered and continues to suffer emotional distress and other injuries.

16. Ms. Giuffre has a substantive right to maintain an action, claim, cross-claim, and counterclaim to recover costs, compensatory damages, punitive damages, and attorneys' fees from Defendant Oh under New York Civ. Rights § 70-a.

17. New York law recognizes that Ms. Giuffre has a substantive right to bring this action under this section, because "[t]he right to bring an action under this section [i.e., the anti-

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

SLAPP section] can be waived only if it is waived specifically." New York Civ. Rights § 70-a(2). Defendant Giuffre has never waived her right to bring her action against Defendant Oh.

## CPLR 1603 – NO APPORTIONMENT OF LIABILITY

18. Pursuant to CPLR 1603, the foregoing causes of action are exempt from the operation of CPLR 1601 by reason of one or more of the exemptions provided in CPLR 1602, including but not limited to, CPLR 1602(2), CPLR 1602(5), 1602(7) and 1602(11), thus precluding defendants from limiting their liability by apportioning some portion of liability to any joint tortfeasor

## JURY DEMAND

19. Ms. Giuffre demands a jury trial.

**WHEREFORE**, Plaintiff Virginia Giuffre demands judgment as follows:

A. Awarding compensatory damages in an amount to be provided at trial, but in any event in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; extent permitted by law;

B. Awarding punitive damages to the extent permitted by law;

C. Awarding costs and fees of this action, including attorneys' fees to the extent permitted by law;

D. Awarding prejudgment interest to the extent permitted by law;

E. Awarding such other and further relief as to this Court may seem just and proper.

Dated: December 30, 2022
New York, New York

Respectfully submitted,



Kathleen R. Thomas, Esq.
THOMAS COUNSELORS AT LAW, LLC
One World Trade Center
85th Fl., Ste. 8500

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

New York, NY 10007
kat@tlclawllc.com
917-209-6446

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.