**IN THE SUPREME COURT OF WESTERN AUSTRALIA**

CIV/1669/2025

BETWEEN:

**Christian Alexander GIUFFRE and Anor**                    Plaintiffs

AND

**Karrie Jean LOUDEN and Anor**                    Defendants

AND

**Karrie Jean LOUDEN and Anor**                    Plaintiffs by counterclaim

AND

**Christian Alexander GIUFFRE and Anor**                    Defendants by counterclaim

---

### APPOINTMENT OF INTERIM ADMINISTRATOR
### ORDERS OF MASTER RUSSELL
### MADE ON 24 NOVEMBER 2025

---

**UPON THE APPLICATION** of the plaintiffs by amended chamber summons filed on 26 September 2025 to appoint an interim administrator pending final disposition of this proceeding (Application) **AND UPON THE APPLICATION HAVING BEEN DETERMINED ON THE PAPERS**, the parties having confirmed and recorded their consent to the orders in a memorandum of consent orders filed on 24 November 2025, **PURSUANT TO THE RULES OF THE SUPREME COURT 1971 (WA) ORDER 43 RULE 16, IT IS ORDERED THAT:**

**Appointment of Administrator**

1. Until further order of the Court or further representation being granted, pursuant to section 35 of the Administration Act 1903 (WA), Ian Torrington Blatchford of Level 1, Irwin Chambers, 16 Irwin Street. Perth WA 6000 is appointed as the administrator (Administrator) of the estate (Estate) of the late Virigina Louise Giuffre (also known as Virigina Louise Roberts, Virigina Lee Giuffre and Virigina Lee Roberts) (Deceased), pending final disposition of this proceeding.

**General Powers of Administrator**

2.    The Administrator has the power:

(a)    to make enquiries and do all acts and things reasonably necessary to:

(i)    ascertain the nature and extent of the assets and liabilities of the Estate;

(ii)    collect, get in and receive the assets of the Estate, but not to sell or otherwise dispose of the same;

(iii)    collect and get in all documents relating to the assets and liabilities of the Estate;

(iv)    preserve the assets of the Estate, including but not limited to:

(A)    opening and operating a bank account in the name of the Estate;

(B)    depositing Estate moneys into an interest-bearing bank account; and

(C)    investing moneys, including investing or reinvesting dividends accrued since the date of the Deceased's death.

(v)    if there are available Estate funds with which to do so, satisfy all liabilities or other expenses of the Estate from the funds of the Estate as may be necessary to preserve the assets of the Estate; and

(vi)    transmit the Deceased's interest in any real property held in the Deceased's name into the name of the Estate.

(b)    to engage an accountant and/or a tax agent to provide advice in connection with the financial affairs of the Estate and to undertake such acts reasonably required for the Estate meet its ongoing tax obligations;

(c)    upon production of receipts and other appropriate records, to reimburse any expenses of the Estate properly incurred by any third party, excluding the parties to this action, from the assets of the Estate;

(d)    to make enquiries and to collect and take possession of:

(i)    all testamentary and related documents of the Deceased (including wills, and/or any deed establishing a trust for the benefit of the Deceased); and

(ii)    all documents regarding legal and accounting advice provided to the Deceased in relation to the documents in subparagraph (i) above.

(e)    to obtain from any source medical records of the Deceased;

(f)    to enter into and/or renew any insurance contracts held by the Deceased in relation to the assets of the Estate.

**Administrator's Remuneration**

3.    The Administrator shall be entitled to remuneration at the rate of $400 per hour plus GST together with reasonable disbursements, to be drawn and paid from available funds in the Estate.

## Administrator's Powers in relation to Existing and Other Legal Proceedings

4.    The Administrator is:

(a)    appointed as the legal personal representative of the Deceased in any legal proceedings or arbitration in which the Deceased was a party prior to her death (Existing Legal Proceeding), including but not limited to those in:

(i)    the Family Court of Western Australia, being proceeding 1587/2025, with the parties being Robert Giuffre, as applicant, and the Deceased, as respondent;

(ii)    the Second Circuit Court of Appeal in the United States of America, being proceeding 24-182, in which the Deceased was the plaintiff/appellant and Ghislaine Maxwell, was the defendant/appellee;

(iii)    the Southern District of New York, United States District Court, being Case No 21-cv-8830, with the parties being Rina Oh Amen, as plaintiff, and the Deceased, as defendant; and

(iv)    an arbitration in which the Deceased is the applicant, and Alan Dershowitz is the defendant.

(b)    without limiting the powers in order 2 and order 4(a), the Administrator has power, to make enquiries, obtain copies of documents, obtain legal and other professional advice and representation in relation to any Existing Legal Proceeding and in relation to any other legal proceeding concerning the Estate (Other Legal Proceeding).

5.    The parties and/or the Administrator have liberty to apply in relation to any variation or extension of the Administrator's powers in respect of any Existing or Other Legal Proceeding, including in respect of the prosecution, defence or compromise of any Existing or Other Legal Proceeding.

## Administrator's Powers in relation to Memoir

6.    The Administrator is authorised as the Deceased's legal personal representative to do all things necessary in the exercise of that power in respect of the Deceased's memoir titled 'Nobody's Girl' (Memoir), including but not limited to:

(a)    making enquiries of and obtaining copies, from any source, of all contracts, agreements or other arrangements between the Deceased and any of the following:

(i)    Alfred A Knopf, Knopf Doubleday Publishing Group and Penguin Random House;

(ii)    Aevitas Creative Management, Penguin Press and Penguin Publishing Group;

(iii)    Amy Wallace; or

(iv)    Cheney Agency.

(b)    obtaining legal advice and other professional advice and representation as appropriate in respect of the Memoir; and

(c)    prosecuting, defending or compromising any legal proceedings in relation to the Memoir as he sees fit, and subject to any directions sought by him from the Court, in respect of the Memoir.

**Inventory and accounts**

7.   The Administrator shall, upon the 3-month anniversary of his appointment, each 6-month anniversary thereafter and within 21 days of cessation of his appointment, file an inventory of the Estate, together with his accounts, and provide a copy to the parties.

**Liberty to apply**

8.   The parties and/or the Administrator have liberty to apply generally in relation to these orders.

**Costs**

9.   The parties' costs of and incidental to the Application are reserved to the Trial Judge.

BY THE COURT

MASTER S RUSSELL